IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-01864-MEH-KMT

MICHAEL RYSKIN, an individual,

       Plaintiff,

v.

BANNER HEALTH, INC, an Arizon Non-Profit Corporation,
MICHELLE JOY, an individual,
SHIRLY NIX, an individual,
THOMAS SOPER, an individual,
JOSEPH BONELLI, an individual, and
JOHN ELIFF, an individual,

       Defendants.

---

## STIPULATED PROTECTIVE ORDER

---

Each Party and each Counsel of Record stipulate to and the Court grants the following

Protective Order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure concerning the

treatment of Confidential Information (as hereinafter defined).

1.      In this action, at least one of the Parties has sought and/or may seek to discover

Confidential Information, including Protected Health Information. "Confidential Information"

and "Protected Health Information" are defined in part, in paragraphs 6, 7, and 8, below.

2.      The purpose of this Protective Order is to preclude disclosure of Confidential

Information to any person or entity not subject to this litigation as defined in this Protective

Order. The Parties also anticipate that some of the Confidential Information may, but not

necessarily would, lead to questioning concerning Confidential Information and Protected Health

Information in the course of depositions. The Parties assert the disclosure of Confidential

Information and Protected Health Information could result in significant injury to one or more of the Parties' business or privacy interests, the patient(s) identified in the protected health records, and/or without an agreement, a possible violation of the Health Insurance Portability and Accountability Act of 1996 ("HIPAA").

3.      The Parties have entered into this Stipulation and the Court enters the within Protective Order for the purpose of preventing the disclosure and use of Confidential Information and Protected Health Information except as set forth herein, and prohibiting the Parties from using or disclosing the Confidential Information and Protected Health Information for any purpose other than this litigation.

4.      The Parties agree that this agreement does not constitute a global waiver by any party as to whether any Confidential or Privileged Information is discoverable, but rather, is a mechanism by which Confidential Information that is disclosed is prevented from being used for any purpose outside this litigation by any Party.

5.      This Protective Order shall apply to all documents, files or portions of files, materials, and information, including without limitation, documents produced, answers to interrogatories, responses to requests for admission, deposition testimony, and other information disclosed in this litigation and designated as "Confidential" pursuant to the terms of this Protective Order.

6.      "Confidential Information," includes, but is not limited to, "Protected Health Information," any documents, records, files or portions of files, materials, electronically stored information, transcribed testimony, or responses to discovery requests, including any extract, abstract, chart, summary, note, or copy made therefrom designated by one of the Parties in the

manner provided in paragraphs 10, 11, and/or 12 below as containing Confidential Information and/or Protected Health Information.

7.      "Confidential Information" includes, but is not limited to, information that is confidential and implicates common law and statutory privacy interests of the Plaintiffs and the Defendants in this matter, including current and former employees of Banner Health, Inc. *See, e.g.*; COLO. REV. STAT. § 13-90-107(1)(d) (physician-patient privilege); *Alcon v. Spicer*, 113 P.3d 735 (Colo. 2005); *Weil v. Dillon Co., Inc.,* 109 P.3d 127 (Colo. 2005); COLO. REV. STAT. § 24-72-204(3)(a)(II)(A) (concerning disclosure of personnel /employment file records); *Everitt v. Brezzel*, 750 F. Supp. 1063 (D. Colo. 1990); *Martinelli v. District Court in and for the City and County of Denver*, 612 P.2d 1083 (Colo. 1980); COLO. REV. STAT. §§ 12-36.5-101 *et seq.;* §§ 25-3-109 *et seq.* (Peer Review and Quality assurance rules). "Confidential Information" may include, but is not limited to:

     a.   medical records and/or "Protected Health Information";

     b.   the Parties and/or their representatives' personnel files;

     c.   peer review and quality assurance documents;

     d.   internal affairs investigation files;

     e.   witness statements; and

     f.   other documents related to Plaintiffs' claims or the Parties' investigations in this action.

     g.   Personal financial, and tax information and/or identification materials of the parties; and

     h.   Educational and training files of the parties

8.      "Protected Health Information" includes, but is not limited to, a patient's name, address, birth date, admission date, discharge date, date of death, telephone number, fax number, e-mail address, social security number, medical records number, insurance plan information, account number, certificate/license number, vehicle identifier and license number, device identifier and serial number, URL, IP address number, biometric identifier including voice and finger prints, photographs, and any other unique identifying number, characteristic or code.

9.      As used in this Protective Order, "document" is defined as provided in Fed. R. Civ. P. 34(a). A draft or non-identical copy is a separate document within the meaning of this term.

10.     Documents containing "Confidential Information," including "Protected Health Information," are designated as CONFIDENTIAL by placing or affixing on them (in a manner that will not interfere with their legibility) the following or other appropriate notice: "CONFIDENTIAL." Designation or identification, or assertion of a document as Confidential or Privileged Information does not necessarily indicate that it is or is not discoverable.

11.     Responses to discovery requests are designated as CONFIDENTIAL by imprinting the word "CONFIDENTIAL" next to or above the response.

12.     Whenever a deposition involves the disclosure of CONFIDENTIAL Information, the deposition or portions thereof shall be designated as CONFIDENTIAL and shall be subject to the provisions of this Protective Order. Such designation shall be made on the record during the deposition whenever possible, but a Party may designate portions of depositions as CONFIDENTIAL after transcription, provided written notice of the designation is promptly given to all counsel of record within thirty (30) days after notice by the court reporter of the completion of the transcript. Admissibility of the designated Confidential Information will be

reserved for and addressed by the Court.

13.     Individuals authorized to review CONFIDENTIAL Information pursuant to this Protective Order including, but not limited to, the Parties to this action and their undersigned counsel, shall hold CONFIDENTIAL Information in confidence and shall not divulge the CONFIDENTIAL Information, either verbally or in writing, to the media or any other person or entity unless authorized to do so by court order. CONFIDENTIAL Information shall not be disclosed, revealed, leaked to the media (inadvertently or otherwise), or used for any purpose except the preparation and trial of this case. CONFIDENTIAL Information shall not be communicated by any Party's counsel or a Party in any manner, either directly or indirectly, to anyone, except for purposes of this case, and unless such person is directly associated with prosecuting or defending this case or is a witness, deponent, expert or other individual involved in the prosecution or defense of this case who has executed the Written Acknowledgment depicted in Attachment A. These restrictions shall be strictly construed.

14.     CONFIDENTIAL Information may be disclosed to the following, provided that these persons comply with the terms of this Protective Order, and are not involved with or connected to the media:

    a.   attorneys actively working on this case and their support staff;

    b.   the Parties and designated representatives for the entity Defendants, and their respective employees, agents and representatives;

    c.   expert witnesses, disclosed treating physicians or healthcare providers, and consultants retained, or consultants and their staffs, in connection with this proceeding;

    d.   stenographic reporters who are engaged in proceedings necessarily incident to the

conduct of this action;

e.   deponents; and

f.   other persons by written agreement of the Parties; and

g.   a witness or consulting witness in this case, provided that each such individual

executes the Written Acknowledgment as depicted in Attachment "A'.

The Parties, their attorneys and support staff, and stenographic reporters shall not be

required to complete a Written Acknowledgment as set forth in paragraph 13.

15.    The Party's counsel who discloses CONFIDENTIAL Information shall send to

the recipient of the information a copy of the Protective Order and obtain a Written

Acknowledgment from the recipient that he/she has reviewed and will abide by the terms of the

Protective Order. The subject Party's counsel shall maintain a list of all persons to whom any

CONFIDENTIAL Information is disclosed and retain the Written Acknowledgments.

16.    During the pendency of this action, opposing counsel may upon Court order or

agreement of the Parties inspect the list maintained by counsel pursuant to paragraph 15 above

upon showing of substantial need in order to establish the source of an unauthorized disclosure

of CONFIDENTIAL Information and that opposing counsel are unable to otherwise identify the

source of the disclosure. If counsel disagrees with opposing counsel's showing of substantial

need, then counsel may seek a court order requiring inspection under terms conditions deemed

appropriate by the Court.  To the extent such a challenge arises prior to the Parties' expert

disclosures, the names of the experts to whom the documents were sent will not need to be

disclosed, unless the Court Orders such disclosure, and then, the name will be disclosed to the

Court only, *in camera*.

17.     No copies of CONFIDENTIAL Information shall be made except by or on behalf of counsel in this litigation for work product purposes, including, but not limited to, for review by experts in this case. Any such copies shall be made and used solely for purposes of this litigation.

18.     A Party may object to the designation of particular CONFIDENTIAL Information by giving written notice to the Party designating the disputed information. The written notice shall identify the information to which the objection is made. If the Parties cannot resolve the objection within ten (10) business days after the time the notice is received, it shall be the obligation of the Party designating the information as CONFIDENTIAL to file an appropriate motion requesting that the Court determine whether the disputed information should be subject to the terms of this Protective Order within thirty (30) days of the aforementioned notice. If such a motion is timely filed, the disputed information shall be treated as CONFIDENTIAL under the terms of this Protective Order until the Court rules on the motion. In connection with a motion filed under this provision, the Party designating the information as CONFIDENTIAL shall bear the burden of establishing that good cause exists for the disputed information to be treated as CONFIDENTIAL.

19.     In the event it is necessary for the Parties to file CONFIDENTIAL Information with the Court in connection with any proceeding or motion, the CONFIDENTIAL Information shall be filed in accordance with the requirements of D.C. COLO. LCiv.R 7.2.

20.     Defendants who are licensed healthcare professionals may be required by law to make filings with appropriate licensure Boards or regulatory agencies. The Parties anticipate that if CONFIDENTIAL Information is filed with any licensure Board or regulatory agency, a copy

of the Protective Order will be filed with such CONFIDENTIAL Information to the extent permitted by law.

21.    The termination of this action shall not relieve counsel or other persons obligated hereunder from their responsibility to maintain the confidentiality of CONFIDENTIAL Information pursuant to this Protective Order.

22.    By agreeing to the entry of this Protective Order, the Parties adopt no position as to the authenticity or admissibility of any document produced subject to it. Neither the taking of any action in accordance with the provisions of this Protective Order, nor the failure to object thereto, shall be construed as a waiver of any claim or defense in this action.

23.    Upon the termination of this litigation, counsel shall be responsible for retrieving any and all copies which they have caused to be made of Confidential Records and either destroying such copies or returning such copies to the providing party. Counsel may retain a single set of Confidential Records for a period of no more than three years from the conclusion of the litigation at which time the Confidential Records shall either be returned or destroyed.

24.    Nothing in this Protective Order shall preclude any Party from filing a motion seeking further or different protection from the Court under Rule 26(c) of the Federal Rules of Civil Procedure, or from filing a motion with respect to the manner in which CONFIDENTIAL Information shall be treated at trial.

25.    This Protective Order may be modified by the Court at any time for good cause shown following notice to all Parties and an opportunity for them to be heard.

Dated November 16, 2009, in Denver, Colorado.

BY THE COURT:

Michael E. Hegarty
United States Magistrate Judge

**STIPULATED AND AGREED TO:**

By:  s/ Linda S. Siderius
   Linda S. Siderius, Esq.
   Meghan E. Pound, Esq.
   CAPLAN AND EARNEST LLC
   1800 Broadway, Suite 200
   Boulder, CO 80302
   Telephone: 303/443-8010
   ATTORNEYS FOR BANNER
   DEFENDANTS

By:  s/ Kari M. Hersey
   Carmen N. Decker, Esq.
   Kari M. Hershey, Esq.
   Katrina Skinner, Esq.
   BUDMAN & HERSHEY, LLC
   1355 South Colorado Blvd., #600
   Denver, Co 80222
   Telephone: 303/217-2018
   ATTORNEYS FOR DEFENDANTS

   BONELLI AND ELIFF

By:  s/ Scott M. Kleger
   Scott M. Kleger, Esq.
   Mollie B. Hawes
   MILLER & STEIERT, P.C.
   1901 W. Littleton Blvd.
   Littleton, CO 80120
   Telephone:  303/798-2525
   ATTORNEYS FOR PLAINTIFF

# Attachment A

**WRITTEN ACKNOWLEDGMENT**

Dear Counsel:

      1.     I have read the Stipulation and Protective Order in MICHAEL RYSKIN v. BANNER HEALTH, INC, MICHELLE JOY, SHIRLY NIX, THOMAS SOPER, JOSEPH BONELLI, JOHN ELIFF Civil Action No. 09-cv-01864-PAB-KMT.

      2.     I have been informed by _____, Esq., counsel for _____, that the materials you sent me are CONFIDENTIAL Information as defined in the Stipulation and Protective Order.

      3.     I have not and will not divulge, or undertake to divulge to any person or recording device, any CONFIDENTIAL Information shown or told to me except as authorized in the Stipulation and Protective Order. I will not use the CONFIDENTIAL Information for any purpose other than this litigation.

_____
(Signature)
_____
(Print or Type Name)
Address:
_____
_____
T e l e p h o n e  N o . : ( _ _ _ _ _ )
_____
_____
(Date)

4826-0476-5189, v.  1