IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-01864-MEH-KMT

MICHAEL RYSKIN,

    Plaintiff,

v.

BANNER HEALTH, INC., an Arizona non-profit corporation,
MICHELLE JOY,
SHIRLEY NIX,
THOMAS SOPER,
JOSEPH BONELLI, and
JOHN ELLIFF,

    Defendants.

---

### ORDER ON MOTION TO AMEND

---

Before the Court is Plaintiff's Motion for Leave to Amend Complaint [docket #39]. The matter is briefed and has been referred to this Court for disposition. Oral argument will not materially assist the Court in adjudicating the motion. For the following reasons, this Court **grants** the Plaintiff's motion.

**A.    Background**

Plaintiff initiated this action on August 6, 2009. The Scheduling Order, issued November 3, 2009, set the deadline for joinder of parties and amendment of pleadings on December 18, 2009. On December 17, 2009, the Court granted an unopposed motion to extend the deadline to January 18, 2010. Plaintiff filed the within Motion for Leave to Amend on March 19, 2010, two months past the deadline for amendments in this case.

Plaintiff seeks to add a new claim to this lawsuit. The current operative pleading, Plaintiff's Complaint and Demand for Jury Trial, alleges claims for tortious interference with contract,

conspiracy, and wrongful discharge in violation of public policy, and seeks recovery for economic and noneconomic damages against the Defendants. *See* Complaint, docket #1. In the proposed Amended Complaint, Plaintiff alleges essentially the same facts and claims, but adds facts to support a new claim for tortious interference with prospective business advantage against the individual Defendants. Docket #39-1. Plaintiff asserts that he obtained information regarding the alleged tortious conduct by the Defendants through initial discovery in this case.

Defendants oppose the motion asserting that Plaintiff's attempt to add the new claim at this stage of the litigation is unduly delayed and futile. *See* dockets #40 and #42. Defendants contend that the delay in filing the motion well after the deadline for amendment of pleadings was caused by the Plaintiff himself, who waited to propound discovery until days before the deadline. In addition, Defendants argue that the new claim is subject to dismissal because the "individual defendants had nothing or would have nothing to do with Dr. Ryskin's alleged attempts to establish an independent practice." Docket #40 at 3. Plaintiff replies that facts learned through discovery in this case support his claim for tortious interference with prospective business advantage and that the such amendment will not prejudice the Defendants.

**B.     Discussion**

    1.     <u>Standard of Review</u>

Because the motion in this case would require an amendment of the Scheduling Order, the Court employs a two-step analysis. A Scheduling Order may be modified only upon a showing of "good cause" under Fed. R. Civ. P. 16(b). The standard for "good cause" is the diligence demonstrated by the moving party in attempting to meet the Court's deadlines. *Colorado Visionary Academy v. Medtronic, Inc.*, 194 F.R.D. 684, 687 (D. Colo. 2000). "Rule 16 erects a more stringent standard [than Rule 15(a)], requiring some persuasive reason as to why the amendment could not

2

have been effected within the time frame established by the court." *Id.* "Nevertheless, while the pretrial order defines a lawsuit's boundaries in the trial court and on appeal, 'total inflexibility is undesirable.'" *Summers v. Missouri Pacific R.R. Sys.*, 132 F.3d 599, 604 (10th Cir. 1997) (quoting *Hull v. Chevron U.S.A., Inc.*, 812 F.2d 584, 588 (10th Cir. 1987)) (discussing amendment of the scheduling order). Further, rigid adherence to the scheduling order is not advisable. *Sil-Flo, Inc. v. SHFC, Inc.*, 917 F.2d 1507, 1519 (10th Cir. 1990). A failure to timely amend may be excused if due to oversight, inadvertence or excusable neglect. *Id.*

If good cause is shown for amending the Scheduling Order, the movant must meet the requirements of Fed. R. Civ. P. 15(a). Once a responsive pleading to the complaint is filed, a party may amend its complaint only by leave of the court or by written consent of the adverse party. *Id.; Foman v. Davis,* 371 U.S. 178, 182 (1962). The grant or denial of leave is committed to the discretion of the district court. *See Duncan v. Manager, Dep't of Safety, City and County of Denver*, 397 F.3d 1300, 1315 (10th Cir. 2005). The Court must heed Rule 15's mandate that the "court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a) (2009); *see also Foman,* 371 U.S. at 182; *Duncan*, 397 F.3d at 1315. "If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits." *Foman,* 371 U.S. at 182. Leave to amend should be refused "only on a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment." *Duncan*, 397 F.3d at 1315; *see also Foman,* 371 U.S. at 182.

2.  Analysis

Defendants assert that the delay between the deadline for amendment of pleadings and the filing of the within motion was caused by the Plaintiff, who failed to propound written discovery

until two months after the issuance of the Scheduling Order. One Magistrate Judge in this District has held that "[t]he fact that a party first learns, through discovery or disclosures, information necessary for the assertion of a claim after the deadline to amend established in the scheduling order has expired constitutes good cause to extend that deadline." *Pumpco, Inc. v. Schenker Int'l, Inc.*, 204 F.R.D. 667, 668-69 (D. Colo. 2001).

Here, the Court finds the circumstances surrounding Plaintiff's discovery of a new claim against the Defendants do not support a finding of lack of diligence. According to the Plaintiff, certain facts regarding the Defendants' conduct and supporting the new claim were learned during the discovery period. According to the Scheduling Order, initial disclosures were to be exchanged on November 3, 2009. However, on December 16, 2009, the Plaintiff represented to the Court that he was "still awaiting disclosure of some of Defendants' disclosed documents." Docket #33 at 2. The fact that Plaintiff may have propounded his initial discovery requests a month later on January 13, 2010 (especially considering the holiday season) does not demonstrate tardiness. Moreover, the discovery deadline in this case is July 16, 2010; the parties have three months remaining in the discovery period. Thus, the Court perceives no undue delay nor prejudice to Defendants with the addition of a new claim at this stage of the litigation. Considering the relevant factors discussed above, the Court finds good cause for the timing of Plaintiff's Motion to Amend beyond the date in the Scheduling Order.

Furthermore, the Court finds that the addition of the new claim is not futile. "A proposed amendment is futile if the complaint, as amended, would be subject to dismissal." *Jefferson County Sch. Dist. No. R-1 v. Moody's Investor's Servs.*, 175 F.3d 848, 859 (10th Cir. 1999); *see also Dillard-Crowe v. Aurora Loan Servs. LLC*, 2008 WL 3201226, *10 (D. Colo. Aug. 5, 2008) (unpublished) (citing *Sheldon v. Vermonty*, 204 F.R.D. 679, 682 (D. Kan. 2001) (to determine

4

whether a proposed amendment is futile, the court must analyze the proposed amendment as if it were before the court on a Rule 12(b)(6) motion)).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Plausibility, in the context of a motion to dismiss, means that the plaintiff pled facts which allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. The *Twombly* evaluation requires two prongs of analysis. First, the Court identifies "the allegations in the complaint that are not entitled to the assumption of truth," that is, those allegations which are legal conclusions, bare assertions, or merely conclusory. *Id*. at 1949-51. Second, the Court considers the factual allegations "to determine if they plausibly suggest an entitlement to relief." *Id*. at 1951. If the allegations state a plausible claim for relief, such claim survives the motion to dismiss. *Id*. at 1950.

To establish tortious interference with a prospective contractual relation, a plaintiff must show that the defendant intentionally and improperly interfered with the plaintiff's potential business relationship with a third party. *Employment Television Enters., LLC, v. Barocas*, 100 P.3d 37, 45 (Colo. Ct. App. 2004) (citing *Amoco Oil Co. v. Ervin*, 908 P.2d 493 (Colo. 1995)). Tortious interference can result solely from actions directed toward the plaintiff intended to prevent that party from acquiring or continuing a prospective relation with a third party. *Id.*

The Loveland Defendants' conclusory statement that the individual Defendants "had nothing or would have nothing to do with Dr. Rykin's attempts to establish an independent practice" does not suffice to establish that the new claim is subject to dismissal pursuant to Rule 12(b)(6). Moreover, the argument (raised by the remaining individual Defendants who joined in the response

5

to the motion) that Plaintiff fails to allege the existence of any offers of "contracts" with third parties necessary to state a claim is unavailing. Although Plaintiff may not have used the word "contract," he alleges that he developed "prospective business relationships" with patients as a result of his work with Banner and specifies through his reply brief that Defendants, by their conduct, including termination of his employment and privileges at the hospital, interfered with his ability to secure those business relationships through an independent practice. *See* Docket #39-1 at 14; *see also* docket #43 at 4-6. The Court finds that Plaintiff's allegations, as stated in the Amended Complaint and expanded in the briefing, are sufficient under Fed. R. Civ. P. 12(b)(6) to state a plausible claim for tortious interference with prospective business advantage. *See Barocas*, 100 P.3d at 45.

Therefore, in the interests of justice, the Court finds that Plaintiff has established good cause for amending his Complaint to add a new claim at this stage of the litigation against the individual Defendants in this action. For the sake of efficiency, the Court directs the Plaintiff to modify the existing proposed pleading and include in the Amended Complaint the factual allegations, as stated in the briefing, that support the new claim.

**C.     Conclusion**

Accordingly, for the reasons stated above, the Court **grants** the Plaintiff's Motion for Leave to Amend Complaint [filed March 19, 2010; docket #39]. The Plaintiff is directed to file the Amended Complaint and Jury Demand, modified in accordance with this Order, on or before April 23, 2010. Defendants shall file an answer or other response to the Amended in compliance with Fed. R. Civ. P. 15(a) and all other applicable rules.

Dated this 16th day of April, 2010, in Denver, Colorado.

BY THE COURT:

*Michael E. Hegarty*

Michael E. Hegarty
United States Magistrate Judge