IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-01864-MEH-KMT

MICHAEL RYSKIN,

    Plaintiff,

v.

MICHELLE JOY,
SHIRLEY NIX,
THOMAS SOPER,
JOSEPH BONELLI, and
JOHN ELLIFF,

    Defendants.

---

**ORDER ON DEFENDANTS' JOINT MOTION TO STRIKE OPINIONS
OFFERED BY DR. DAVIS PURSUANT TO FED. R. EVID. 702**

---

Defendants have filed a motion seeking to strike Plaintiff's designation of Dr. Thomas Q. Davis, MD, FACP, as a testifying expert, because his opinions invade the province of the jury or the Court [docket #97]. The Court agrees, except as explained below.

The Court is guided primarily by the sentiment expressed by the Tenth Circuit in *U.S. Aviation Underwriters, Inc. v. Pilatus Bus. Aircraft, Ltd.*, 582 F.3d 1131, 1150 (10th Cir. 2009). In that decision, the court noted that under Fed. R. Evid. 702, "[t]he touchstone of the admissibility of expert testimony is its helpfulness to the trier of fact." (quoting *Gust v. Jones,* 162 F.3d 587, 594 (10th Cir. 1998)). "Expert witnesses may not testify as to ultimate issues of law governing the jury's deliberations, because instructing the jury is the function of the trial judge." *Id.* (citing *Specht v. Jensen,* 853 F.2d 805, 808 (10th Cir. 1988) (en banc)). I believe the testimony of Dr. Davis, as proposed, is unnecessary to help the jury in its deliberations.

For example, in *New Mexico Sav. & Loan Ass'n v. U. S. Fidelity & Guar. Co.*, 454 F.2d 328

(10th Cir. 1972), the court sustained the district court's exclusion of an expert who would have testified that a bookkeeper concealed the true facts of an account, and that such concealment was deliberate and negligent. *Id.* at 337. This stricken testimony is analogous to Dr. Davis' proposed testimony that Defendants acted unreasonably and not in good faith (Opinion 3); that the Defendants acted collaboratively and in concert (Supplemental Opinion 4); and that the Defendants "acted without reasonable belief that their actions were in the furtherance of quality health care . . . ." (Opinion 4).

Moreover, these opinions, and Dr. Davis' proposed opinions that Plaintiff was not provided adequate notice and fundamentally fair procedures; that the Defendants violated the Medical Staff bylaws (Opinion 2 and Supplemental Opinion 1); that Plaintiff's termination was for cause (Supplemental Opinion 2); or that Defendants improperly interfered with Plaintiff's contract (Opinion 4 and Davis Affidavit, ¶9), inappropriately "tell the jury how the case should be decided." *U.S. v. Arutunoff*, 1 F.3d 1112, 1118 (10th Cir. 1993); *see also U.S. v. Wade*, 203 F. App'x 920, 930 (10th Cir. 2006) (unpublished) (same). Finally, Dr. Davis' opinion that the Complaint in this case is warranted (Opinion 1) provides absolutely no assistance to the jury, because the mere happening of the trial in this case establishes this Court's determination that the Complaint is sufficient to state a claim.

In sum, all of the preceding proposed opinions address issues that the jury is capable of assessing for itself and, thus, are inadmissible.

There is one opinion for which the Court finds a proper basis. In his supplemental designation, Dr. Davis opines that Plaintiff's separation is a significant factor regarding Plaintiff's future employability or medical staff membership. The Court finds that this opinion satisfies the

requirements of Fed. R. Evid. 702.[1]

Accordingly, for the reasons stated above, the Court **grants in part** and **denies in part** the Defendants' Joint Motion to Strike Opinions Offered by Dr. Davis Pursuant to Fed. R. Evid. 702 [filed October 25, 2010; docket #97].

Dated this 23rd day of November, 2010, in Denver, Colorado.

BY THE COURT:

*Michael E. Hegarty*

Michael E. Hegarty
United States Magistrate Judge

---

[1] At the oral argument on this motion, Plaintiff's counsel suggested that Dr. Davis could offer helpful testimony concerning the proper function of a Medical Executive Committee ("MEC"). Because Dr. Davis did not proffer any such testimony in either the original or supplemental reports, the Court finds that this argument has been waived.

3