IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-01864-MEH-KMT

MICHAEL RYSKIN,

    Plaintiff,

v.

MICHELLE JOY,
SHIRLEY NIX,
THOMAS SOPER,
JOSEPH BONELLI, and
JOHN ELLIFF,

    Defendants.

**ORDER ON DEFENDANTS' MOTION TO STRIKE PLAINTIFF'S DISCLOSURE AND ENDORSEMENT OF JEFFREY OPP**

    Defendants have filed a motion seeking to strike Plaintiff's designation of Jeffrey Opp as a testifying expert, based on the speculative nature of his testimony concerning projected lost future earnings and on the alleged lack of scientific basis for reaching his opinions [docket #98]. The Court believes that Mr. Opp can legitimately testify, consistent with Fed. R. Evid. 702, concerning back pay and estimated future wage loss.

    First, as addressed in the Court's Order on Defendants' Joint Motion in Limine, the Court believes that evidence concerning future wage loss, although by no means a mathematical certainty, falls within the zone of admissibility that the Colorado courts permit. Thus, Mr. Opp will be permitted to testify about Plaintiff's claim for past wage loss (presented as the amount of compensation [including benefits] Plaintiff would have received had he remained with Defendant Banner Health, Inc., less any similar compensation received prior to trial as a result of mitigation efforts). He will also be permitted to testify that, based on Plaintiff's work history from his date of

separation from Banner until the time of trial, Plaintiff might be subjected to future lost compensation, up to his expected date of retirement, reduced to present value. As the Court stated on the record during the hearing on this matter, Plaintiff can legitimately argue that had Defendants' actions not resulted in his separation, he would still be employed with Banner, and he can request the proximate damages stemming from that separation. *See Genova v. Longs Peak Emergency Physicians, P.C.,* 72 P.3d 454, 460 (Colo. App. 2003) (economic damages are appropriate to put the wrongfully discharged employee in the same position he would have been in had the employer not breached the employment agreement). Mr. Opp's use of five, ten or seventeen-year time frames to project future lost compensation is subject to vigorous cross-examination but should not be precluded as a matter of law.

On the other hand, Mr. Opp will not be permitted to render opinions concerning Plaintiff's employability, either due to his qualifications or due to the effect of the separation from Banner. Defendants' argument is also well taken that Mr. Opp may not testify concerning the factors that impact physician hiring practices.

Accordingly, for the reasons stated above, the Court **grants in part and denies in part** the Defendants' Motion to Strike Plaintiff's Disclosure and Endorsement of Jeffrey Opp [filed October 25, 2010; docket #98].

Dated this 23rd day of November, 2010, in Denver, Colorado.

BY THE COURT:

*Michael E. Hegarty*

Michael E. Hegarty
United States Magistrate Judge