IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-01864-MEH-KMT

MICHAEL RYSKIN,

    Plaintiff,

v.

BANNER HEALTH, INC., an Arizona non-profit corporation,
MICHELLE JOY,
SHIRLEY NIX,
THOMAS SOPER,
JOSEPH BONELLI, and
JOHN ELLIFF,

    Defendants.

---

## ORDER ON DEFENDANTS' JOINT MOTION IN LIMINE

---

Defendants have filed a motion seeking to bar Plaintiff from introducing at trial evidence concerning future wage loss [docket #103]. Defendants argue that because Plaintiff obtained a comparable position almost immediately after he left his employment with Defendant Banner Health, Inc., as a matter of law his damages are cut off as of the date he voluntarily left that subsequent position. The Court disagrees. The Colorado Supreme Court, in *Denny Constr., Inc. v. City & Cnty. of Denver ex rel. Bd. of Water Comm'rs*, 199 P.3d 742 (Colo. 2009) (en banc) stated:

> There are uncertainties inherent in any estimation of future damages; however, this fact generally should not prevent a plaintiff from presenting such an estimate-based on competent evidence and reasonable inferences therefrom-and having its estimate evaluated by the trier of fact. . . . *See Pomeranz v. McDonald's Corp.,* 843 P.2d 1378, 1383 (Colo. 1993)] ("The rule of certainty only requires that, together with the fact of damage, the plaintiff submit substantial evidence, which together with reasonable inferences to be drawn therefrom provides a reasonable basis for computation of the damage.") (citation omitted); *see also Acoustic Marketing,* 198 P.3d at 99, (same).

*Id.* at 749; *see also Harris Group, Inc. v. Robinson*, 209 P.3d 1188, 1201 (Colo. App. 2009) (future

damages are "within the sole province of the jury" and do not require mathematical certainty, but rather substantial evidence which, when combined with reasonable inferences, provide a reasonable foundation for such damages). The Court believes that Defendants' arguments concerning Plaintiff's subsequent job history goes to weight and impeachment, but not admissibility. For example, even when there is a reasonable certainty that a plaintiff may not even be able to remain legally in the country, the Colorado courts have ruled that this fact goes to reasonableness of a future damages award and does not create an absolute bar to such damages. *Silva v. Wilcox*, 223 P.3d 127, 133 (Colo. App. 2009); *see also Acoustic Marketing Research, Inc. d/b/a Sonora Medical Systems v. Technics, LLC,* 198 P.3d 96, 99 (Colo. 2008) ("[w]here there is sufficient reliable evidence [that lost profits] would have accrued but for defendant's breach, the jury should be permitted to assess the amount of the [profits] from the best evidence the nature of the case allows.").

Accordingly, for the reasons stated above, the Court **denies** the Defendants' Joint Motion in Limine [filed November 2, 2010; docket #103].

Dated this 23rd day of November, 2010, in Denver, Colorado.

BY THE COURT:

*Michael E. Hegarty*

Michael E. Hegarty
United States Magistrate Judge